UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
ARTHUR KILL PROPERTIES, LLC,

                Petitioner,

        v.

INTEGRITY BROOKLYN,

                Respondent.
------------------------------------------------------------------X

Case No.: _____

**PETITION TO ENFORCE
ARBITRATION SUBPOENA**

## PETITION TO ENFORCE ARBITRATION SUBPOENA

Petitioner, Arthur Kill Properties, LLC (hereinafter "Arthur Kill" and/or the "Company"), by and through its attorneys, Milman Labuda Law Group PLLC, for its Petition to Enforce Arbitration Subpoena respectfully alleges as follows:

### INTRODUCTION

1.    Petitioner seeks an order from this Court under the Federal Arbitration Act, 9 U.S.C. §7, to compel Integrity Brooklyn (hereinafter "Integrity Brooklyn"), to comply with the non-party subpoena issued by Arbitrator Vincent Gentile (hereinafter the "Arbitrator") on November 27, 2023, an arbitrator sitting in this district.

### THE PARTIES

2.    At all times hereinafter mentioned, Petitioner, Arthur Kill, is a New York State Limited Liability Company with its principal place of business located in Staten Island, New York.

3.    At all times hereinafter mentioned, John Rosatti was and is the majority member of Arthur Kill and serves as its Managing Member.

4.    At all times hereinafter mentioned, Neal DeVito ("DeVito") was and is the minority member of Arthur Kill.

1

5.  At all times hereinafter mentioned, 13 Miles LLC is a New York State Limited Liability Company with its principal place of business located in Staten Island, New York.

6.  At all times hereinafter mentioned, Dealer Direct Services, Inc. is a New York State Corporation with its principal place of business located in Staten Island, New York.

7.  At all times hereinafter mentioned, Integrity Brooklyn is a corporation with a principal place of business located in Brooklyn, New York.

## JURISDICTION AND VENUE

8.  This is a proceeding to enforce a subpoena issued in an arbitration arising under Section 7 of the Federal Arbitration Act, 9 U.S.C. §7 (hereinafter the "FAA").

9.  This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1331 as the Petitioner is seeking to enforce an arbitral subpoena under Section 7 of the FAA, 9 U.S.C. §7.

10. Venue is proper in this judicial district pursuant to 9 U.S.C. §7 because the hearing is to take place before an arbitrator sitting in this district.

11. Venue in this Court is also proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to this Petition occurred in this judicial district.

## BACKGROUND

12. On February 21, 2022, Petitioner commenced an action with the American Arbitration Association ("AAA"), Case 02-22-0005-1954, against DeVito, asserting claims of: (i) breach of operating agreement; (ii) breach of fiduciary duty; (iii) unjust enrichment; (iv) diversion of corporate opportunities; (v) conversion; (vi) fraud; (vii) declaratory judgment; (viii) breach of implied covenant of good faith and fair dealing; (xi) accounting; (x) expulsion of member; and (xi) attorneys' fees under N.Y. Business Corporation Law §626 (hereinafter the "Arbitration").

13. The alleged facts of the Arbitration are simple: DeVito engaged in unauthorized activities at the property on which Arthur Kill is situated, 4350 Arthur Kill Road (hereinafter the "Property"), which have caused damage to the Property, including but not limited to lost rental income. Further, DeVito has engaged in unauthorized business transactions through his companies—13 Miles LLC and Dealer Direct Services, Inc. (hereinafter "DeVito's Companies")—for which he earned income but for which he has failed to compensate Arthur Kill.

14. Integrity Brooklyn engaged in business transactions relating to the Property with one or both of DeVito's Companies that Petitioner did not authorize and for which it received no consideration in breach of Arthur Kill's operating agreement (the "Operating Agreement"). As such, it has material information relevant to Petitioner's claims.

15. On November 27, 2023, the Arbitrator issued a summons, in compliance with the FAA, for Integrity Brooklyn to attend a virtual hearing on December 21, 2023 at 10:00 a.m., in order to provide testimony and documents regarding Integrity Brooklyn's business relationship with DeVito and/or DeVito's Companies as it relates to the Property, Arthur Kill Properties, LLC, and/or 4300 Arthur Kill Road, which is relevant to the Arbitration. (hereinafter the "Arbitral Subpoena"). A copy of the Arbitral Subpoena, which is signed by the Arbitrator, is annexed hereto as **Exhibit "A."**

16. On December 4, 2023 Petitioner served the Arbitral Subpoena on Integrity Brooklyn, ordering it to produce all relevant documents in its possession. A copy of the affidavit of service for the Arbitral Subpoena is annexed hereto as **Exhibit "B."**

17. Petitioner's counsel sent a deficiency letter on January 8, 2024 informing Integrity Brooklyn of its failure to respond to the Arbitral Subpoena and requesting compliance by January 16, 2024. A copy of this deficiency letter is annexed hereto as **Exhibit "C."**

18. Despite multiple communications, Integrity Brooklyn has not responded to the Arbitral Subpoena or otherwise communicated with the undersigned counsel regarding same.

**INTEGRITY BROOKLYN MUST BE COMPELLED TO COMPLY WITH THE ARBITRAL SUBPOENA PURSUANT TO 9 U.S.C. §7**

19. Integrity Brooklyn's failure to comply with the Arbitral Subpoena is a violation of the clear and consistent line of federal cases holding that it is the duty of the arbitrator to make procedural decisions during the course of an arbitration. See John Wiley & Sons v. Livingston, 376 U.S. 543 (1964); Local 757, International Brotherhood of Teamsters v. Borden, Inc., 1971 WL 801 (S.D.N.Y. September 24, 1971) (holding "it is properly [the arbitrator's] function to determine the relevancy and materiality of the documents requested and whether production should be ordered.").

20. Here, the Arbitrator gave each party an opportunity to be heard on the Arbitral Subpoena, has already determined that the subpoenaed testimony and documents are probative, and has ordered their disclosure.

21. The Arbitrator was empowered to issue the subpoena pursuant to 9 U.S.C. §7, which states, in pertinent part, that "arbitrators ... may summon in writing any person to attend before them or any of them as a witness and in a proper case to bring with him or them any book, record, document, or paper which may be deemed material as evidence in the case" (emphasis added). See 9 U.S.C. §7; see also Stolt-Neilsen Transp. Group, Inc. v. Celanese AG, 430 F.3d 567, 577 (2d Cir. 2005) (holding that, where the subpoena compelled a non-party "to attend before [the arbitrators] or any of them as a witness" and to bring documents which may be deemed relevant therein that the "the arbitration panel precisely invoke the authority that Section 7 unambiguously grants them"); Guyden v. Aetna, Inc., 544 F.3d 376, 386-87 (2d Cir. 2008) ("The

FAA also provides the arbitrator with further authority to compel the production of evidence and witnesses at a pre-merits hearing").

22. Furthermore, the parties agreed to arbitrate the subject matter of this dispute before the AAA. Pursuant to the AAA's arbitration rules, the Arbitrator has the explicit power to, *inter alia,* compel production of documents.

23. As a result of Integrity Brooklyn's refusal to comply with the Arbitral Subpoena, Petitioner is unable to obtain critical information necessary to assert its claims at the Arbitration. Integrity Brooklyn's refusal to comply with the Arbitral Subpoena has left Petitioner with no other recourse but to file the within Petition.

**WHEREFORE,** Petitioner respectfully requests this Court enter an Order:

a. Compelling compliance with the arbitration subpoena dated November 27, 2023, as provided in 9 U.S.C. §7;

b. for costs and expenses in connection with the prosecution of this action; and

c. for such other and further relief as this Court may deem just and equitable.

Dated: Lake Success, New York
February 14, 2024

**MILMAN LABUDA LAW GROUP PLLC**

/s/
Michael J. Mauro, Esq.
Nicole M. Koster, Esq.
3000 Marcus Avenue, Suite 3W8
Lake Success, NY 11042-1073
(516) 328-8899 (office)
(516) 328-0082 (facsimile)
michael@mllaborlaw.com
nkoster@mllaborlaw.com

*Attorneys for Petitioner*